**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff(s),**      **CASE NUMBER: 05-80025
                 HONORABLE VICTORIA A. ROBERTS**

**v.**

**D-2 NORMAN DUNCAN,
D-3 KEVIN WATSON,**

    **Defendant(s).**
_____/

**ORDER**
(REGARDING DOCUMENTS #180, #181, and #216)

**I.  INTRODUCTION**

This matter is before the Court on Defendant Kevin Watson's ("Watson") "Motion to Require Preview of Victim Impact Evidence and to Establish a Procedure for its Admission so that it does not Unfairly Prejudice the Defendant with Incorporated Brief" (Doc. #180), and, Defendant Norman Duncan's ("Duncan") "Motion to Limit the Admission of Victim Impact Evidence and Request for an Evidentiary Hearing on the Admission of such Evidence." (Doc. #216). Because these two motions parallel other motions, the Court refers the parties to the Order entered on Doc. #183 and #200.

Also before the Court is Watson's "Motion for Discovery of any Evidence that Might Rebut or Refute Victim Worth or Victim Impact Evidence with Incorporated Brief." (Doc. #181). Watson requests an order directing the Government to disclose any evidence that would impeach or negatively reflect on victim impact evidence.

1

Oral argument was heard on November 15, 2007.

## II. REBUTTING OR REFUTING VICTIM WORTH OR VICTIM IMPACT EVIDENCE

Watson argues that he is constitutionally entitled to discover any evidence in the Government's possession or in the possession of law enforcement officials that would provide a basis for cross-examination, impeachment, or rebuttal of victim worth or victim impact evidence. Watson asserts that once the Government introduces victim impact evidence, the victim's character (and potentially his "worth") becomes relevant to his sentence and he should be allowed to challenge such evidence.

Watson bases his request on *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). He requests discovery of information concerning the victim, including, but not limited to the following:

(1) Any evidence concerning the victim's job and/or his contributions, or lack thereof, to the community, including, but not limited to, church membership, volunteer services, or other board membership.

(2) Any evidence concerning the victim's prior criminal record, if any, including misdemeanors and traffic violations.

(3) Any evidence of the victim's general unreliability.

(4) Any evidence of any disciplinary reports or reproaches the victim [received] related to his job.

The Court previously ordered the Government to produce all *Brady* material as it becomes known. *See* Order of May 10, 2007. The Government is also aware of its constitutional obligation to comply with *Brady* and *Giglio*, and has agreed to provide Watson with any evidence that may impeach its victim impact witnesses. The Government objects to any discovery regarding the "victim's worth."

*Brady* and *Giglio* stand for the proposition that a defendant is entitled to all favorable, material evidence that may exculpate him or reduce his punishment. Because the jury only hears victim impact evidence after returning a guilty verdict, painting a negative portrait of the victim cannot exculpate Watson. Thus, the question is, can victim impact evidence potentially reduce his punishment?

The authority for introducing victim impact evidence is *Payne v. Tennessee*, 501 U.S. 808 (1991). There, Justice Renquist held that victim impact evidence is simply another form or method of providing information to the sentencer about the harm caused by the crime. *Payne* held that evidence and argument relating to the impact of the victim's death on his family is admissible at the sentencing hearing. *Payne*, 501 U.S. at 827. Further, the Federal Death Penalty Act states that the non-statutory aggravating factors may include factors concerning the effect of the offense on the victim's family. *See* 18 U.S.C. §3593(a).

*Payne* can perhaps be read even more broadly than limiting victim impact evidence to impact on the family. In overruling *Booth v. Maryland*, 482 U.S. 496 (1987), the *Payne* Court spoke of the unfairness in allowing the defendant to present any mitigating evidence he wishes concerning his own circumstances, while the state is prevented from "demonstrating the loss to the *victim's family and to society* which has resulted from the defendant's homicide." *Payne*, 501 U.S. at 822 (emphasis added).

The *Payne* Court acknowledged the concern voiced in *Booth* -- that the admission of victim impact evidence permits a jury to find that defendants whose victims were assets to their community are more deserving of punishment than those whose victims are perceived to be less worthy. *Payne*, 501 U.S. at 823 (citing *Booth*, 482 U.S.

3

at 506 n.8). The *Payne* Court dismissed this concern by stating that the purpose of victim impact evidence is not to encourage comparative judgments of this kind --

> for instance, that the killer of a hardworking, devoted parent deserves the death penalty, but that the murderer of a reprobate does not. It is designed to show instead *each* victim's "uniqueness as an individual human being," whatever the jury might think the loss to the community resulting from his death might be.

*Payne*, 501 U.S. at 823 (emphasis in original).

The Court agrees with Watson that with the admission of victim impact evidence, the potential is great that the victim's "worth" will take front and center at the penalty phase. Victim impact evidence supports an improper, irrelevant focus in a death penalty case. A life has already been taken. The jury must now make the sobering decision whether to take another one. The victim's character should have nothing to do with that decision. If it is true that each life is unique and priceless, whether the victim is a federal judge or someone who earns a living shining shoes, or selling drugs, should not matter. The only focus should be whether the defendant took a life under one of the aggravating circumstances set forth in the death penalty statute.

But the law allows victim impact evidence. Since it does, and if the Government elects to present such evidence, the inquiry becomes whether Watson is entitled to receive and present evidence which might assist the jury in making such "worth" determinations. *Payne* recognized the defendant's right to rebut victim impact evidence ("the mere fact that for tactical reasons it might not be prudent for the defense to rebut victim impact evidence makes the case no different than others in which a party is faced with this sort of dilemma."). *Payne*, 501 U.S. at 823. While Watson may present "negative worth" information concerning the victim to the jury at his peril, it is not for

either the Court or the Government to dictate or frame his trial strategy.

The Court finds that evidence that could be helpful to Watson on the issue of punishment includes victim worth evidence; it is *Brady* material that must be disclosed.

The Government must disclose the victim's criminal history and any other information or evidence it is aware of that may reflect on the victim's "worth."

At a later date, after victim impact evidence disclosure is complete and after consultation with counsel, the Court will consider the need for an evidentiary hearing on victim impact evidence, whether victim impact witnesses will be required to read statements as their testimony, the display of emotion by victim impact witnesses, and a general protocol for the conduct of counsel, witnesses, and family members during trial.

## III.   CONCLUSION

The Court **GRANTS** Watson's motion for discovery of evidence that may refute or rebut victim worth or victim impact evidence.

The Court **RESERVES** ruling on a pretrial evidentiary hearing for victim impact evidence.

**IT IS ORDERED**.

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: December 28, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 28, 2007.

s/Linda Vertriest
Deputy Clerk

---