UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 05-80025
                              HONORABLE VICTORIA A. ROBERTS

v.

D-2 NORMAN DUNCAN,
D-3 KEVIN WATSON,

        Defendant(s).
_____/

**ORDER DENYING MOTION AND
SETTING STATUS CONFERENCE DATE**

**I.    Introduction**

This matter is before the Court on Government's Motion to Re-Join Duncan and Watson for Trial. (Doc. 683). Because the Court already decided to sever Duncan and Watson, the Court construes this as a motion for reconsideration.

The motion is **DENIED.**

**II.    Background**

On October 26, 2005, co-defendants Timothy O'Reilly, Norman Duncan, Kevin Watson, Archie Broom, Earl Johnson, and Khayyam Wilson were jointly indicted for their alleged roles in the 2001 armed robbery of the Dearborn Federal Credit Union (DFCU), and the murder of armored guard Norman Anthony Stephens.

Defendants Broom and Wilson entered into guilty pleas with the Government. The Government sought the death penalty against O'Reilly, Duncan, and Watson. The Court severed co-defendant Johnson because the Government did not seek the death

1

penalty for him.

Both Duncan and Watson filed motions to sever their trials. The Government did not oppose these motions, and agreed that severance was appropriate. On December 6, 2006, the Court granted Duncan's and Watson's motions to sever, because the Defendants faced a death penalty trial and the Government intended to use O'Reilly's recorded statements against him during trial, which might violate the other Defendants' confrontation rights.

A jury convicted the first of the co-defendants to go to trial, Johnson. During his 2007 trial, this Court admitted the recorded statements of O'Reilly into evidence over Johnson's objection. Johnson appealed the ruling, and the Sixth Circuit affirmed. *See United States v. Johnson,* 581 F.3d 320 (6th Cir. 2009).

O'Reilly went to trial in 2009 and was also convicted. However, the jury did not unanimously impose the death penalty; O'Reilly was sentenced to a mandatory term of life in prison.

In March of 2011, the Government withdrew its notice of intent to seek the death penalty against both Duncan and Watson.

Because the death penalty is no longer on the table for Watson and Duncan and the recorded statements of O'Reilly were ruled admissible in co-defendant Johnson's trial, the Government now asks the Court to reconsider its ruling that Watson and Duncan be tried separately.

**III.    Standard of Review**

A court will grant a motion for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2)

"show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *see Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

 IV.   Law and Analysis

The Government says Watson and Duncan should be joined for trial because the reasons for the severance no longer exist: the Government is no longer seeking the death penalty against them, and admitting O'Reilly's recorded statements at trial would not violate either Defendants' constitutional rights.

The Court declines to reconsider its earlier ruling. The Court was not misled by a palpable defect simply because the Government decided to no longer seek the death penalty for these Defendants. And, that the Government may have been mistaken about the admissibility of O'Reilly's statements when it agreed to the severance is also not a palpable defect warranting reconsideration.

Moreover, even absent the original reasons for severance, the Court finds that severance is proper.

When defendants are joined in an indictment, there is a preference for joint trials. However, Federal Rule of Criminal Procedure 14 provides relief from prejudicial joinder of offenses or defendants. Rule 14(a) says that "[i]f the joinder of offenses or

3

defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

There exists a presumption in favor of joint trials in the federal system for defendants indicted together when criminal charges result from the same acts and will be proved by the same evidence. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir. 1995). This is to promote judicial economy and prevent inconsistent verdicts. *Zafiro,* 506 U.S. at 537.

However, defendants should be severed "where there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. To obtain severance, a defendant bears the heavy burden to "show compelling, specific, and actual prejudice . . . ." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005) (citing *United States v. Sherlin*, 67 F.3d 1208, 1215 (6th Cir. 1995)).

The Court carefully considered Watson's *ex parte* brief, and agrees severance is necessary to prevent a serious risk that a joint trial would compromise the constitutional rights of Duncan. Watson will seek to admit evidence which is substantially prejudicial to Duncan and is not admissible against Duncan if he is tried alone.

The Court disagrees with the Government; it is appropriate to consider Watson's *ex parte* brief in order to protect his trial strategy. Watson's brief merely informs the Court of the evidence Watson will seek to admit, and the reasons (trial strategy) for the admission of the evidence. Watson does not provide the Court with any disputed facts or law which necessitate the Government's knowledge or response.

Moreover, Watson's supplemental brief persuasively identifies other instances where courts consider *ex parte* communications to decide whether severance is appropriate. And, as the Sixth Circuit explained, a district court may err by refusing to consider *ex parte* filings in limited circumstances:

> Although rare, *ex parte* pleadings are necessary at times by both the defense and prosecution. The need to protect the identity of a confidential informant, the potential threat of harm to a witness, the desire to preserve the identity of a witness until counsel has an opportunity to interview him, and the desire not to disclose a defense strategy have all been used in *ex parte* applications to the court.

*United States v. McClendon*, 146 Fed. Appx. 23, 28 (6th Cir. 2005). For the reasons set forth in Watson's supplemental brief regarding *ex parte* communications, the Court believes it is both proper and necessary to consider this information *ex parte* to protect Watson's novel trial strategy.

To the extent the Government implies that Watson's counsel and this Court violated the rules of professional conduct and the judicial code of ethics by engaging in *ex parte* communications, the Government's objection is not well taken. The Court held an in chambers meeting with all counsel just before counsel for Watson requested a private meeting with the Court; the Government was fully aware of the *ex parte* conversation between Watson and the Court *before* it occurred. The Government did not object to the conversation, and that the Government now feigns surprise that the conversation took place, is troubling. Also, the Court fails to see why its decision to make a record of this conversation by asking Watson to file a sealed, *ex parte* brief memorializing the conversation, compounds this supposed problem.

**V.    Conclusion**

The Government's motion to reconsider is **DENIED.** Duncan and Watson will be tried separately.

Finally, the parties have prepared since 2006, for separate trials; the Court sees no reason to disturb that.

A Status Conference is set for **Thursday, July 7, 2011 at 9:00 am** to set a trial date on *US v Duncan.* Counsel must bring their calendar to the conference.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 14, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 14, 2011.

s/Linda Vertriest
Deputy Clerk